IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS C. JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-25-02923 |
| JEFFREY BRYANT, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Thomas C. Johnson-La'Beija filed this trademark-related action against Defendant Jeffrey Bryant. ECF 1. Both parties are self-represented. Defendant, a resident of New York, has filed a motion to dismiss, citing a variety of grounds including lack of personal jurisdiction and improper venue. ECF 18 at 2. Plaintiff has opposed the motion, ECF 21, but offers no explanation in his opposition justifying this Court's exercise of personal jurisdiction over Defendant in Maryland or contending why venue would be proper here. In fact, Plaintiff's only response as to Defendant's venue argument is to note that, where venue is lacking, "Transfer—not dismissal—is required." ECF 21 at 4.

Where a defendant contests venue pursuant to Rule 12(b)(3), the plaintiff bears the burden to make a *prima facie* showing that venue is proper in the district in which the case was filed. *See Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004); *Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670, 679-80 (D. Md. 2010). In assessing the plaintiff's showing, the court may consider evidence outside the pleadings and must view the facts in the light most favorable to the plaintiff. *See Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365-66 (4th Cir. 2012). More specifically, the Court must accept the facts alleged in the Complaint as true unless the defendant submits

1

evidence by affidavit to the contrary, and where there is discrepant information submitted in parties' affidavits, must give greater weight to the evidence submitted by the plaintiff. *See Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988), overruled on other grounds by *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Ga.*, 620 S.E. 2d 352 (Ga. 2005). If venue is lacking, 28 U.S.C. § 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Plaintiff has offered nothing, either in his Complaint or in his opposition, that would permit this Court to find that he has made the required *prima facie* showing of proper venue. Accordingly, this Court will transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1406(a), which will resolve any issue with personal jurisdiction or venue. This Court will decline to address the remainder of Defendant's arguments for dismissal, as they should be resolved in the transferee court.

For the reasons set forth above, this Court will transfer this case to the Southern District of New York for further adjudication. A separate Order follows.

Dated: January 20, 2026                                             /s/
                                                            Stephanie A. Gallagher
                                                            United States District Judge